Harold A. DAVIS, Plaintiff/Respondent,

v.

U.S. BANK NATIONAL
ASSOCIATION, Defendant/Appellant.

No. ED 89430.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 20, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 16, 2008.

Application for Transfer Denied
Feb. 19, 2008.

Steven M. Hamburg, Saint Louis, MO, for plaintiff/respondent.

Mike W. Bartolacci, Maria G. Zschoche, Saint Louis, MO, for defendant/appellant.

### Introduction

SHERRI B. SULLIVAN, J.

U.S. Bank National Association (Appellant) appeals from the trial court's summary judgment in favor of Harold A. Davis (Respondent). We affirm.

### Factual and Procedural Background

On May 3, 1967, Respondent's grandfather, Lorenz K. Ayers (Ayers), now deceased, executed a Living Trust Agreement (the Trust), pursuant to which Ayers appointed himself and Mercantile Trust Company, National Association (Mercantile), as Co–Trustees. On December 26, 1972, Ayers executed a Trust Indenture, pursuant to which Ayers appointed Mercantile as the Trustee[1] and Respondent as the income beneficiary of the Trust, entitled to receive the entire net income of the Trust for life. Upon Respondent's death, the principal of the Trust is to be divided among Respondent's then living children in equal shares and distributed to each child (in trust if under the age of 21 and "outright" if 21). Respondent currently has two children, Dillon A. Davis (Son) and Marguerite S. Davis (Daughter). The Trust provides that if Respondent has no surviving children upon his death, Respondent's share of the Trust "shall pass to his or her heirs at law who are direct descendants of [Ayers]...." In the event that there are no heirs at law who are direct descendants of Ayers at the time of Respondent's death, the principal passes free of trust to Lafayette College, Easton, Pennsylvania.

On May 15, 2006, Respondent filed a petition (the Petition) pursuant to Section 456.7–706.2(4) and 456.7–704,[2] seeking the removal of Appellant as Trustee, the appointment of U.S. Trust Company of Delaware (UST) as successor Trustee, and an order transferring the Trust assets to UST. The Petition asserted that it was filed on behalf of all of the Qualified Beneficiaries of the Trust; that removal of Appellant as the Trustee best served the interests of all the beneficiaries of the Trust; that removal of Appellant was not inconsistent with a material purpose of the Trust; and that UST was a suitable successor Trustee, who was available and willing to serve.

On July 20, 2006, Appellant filed its Answer to the Petition, asserting that the court lacked subject matter jurisdiction to hear the dispute because Respondent had failed to join as necessary and indispensable parties all of the Trust's beneficiaries and that the Petition failed to state a claim because Respondent could not virtually represent the other two qualified beneficiaries, Son and Daughter.

On August 23, 2006, Appellant also filed a Motion to Dismiss the Petition for failing to join necessary and indispensable parties. On August 25, 2006, Respondent filed a Motion for Summary Judgment asserting that he had satisfied all of the statutory elements for removing a trustee. Appellant filed a Memorandum in opposition to Respondent's Motion for Summary Judgment.

After hearing arguments on the motions and taking the matter under submission,

---

1. Appellant is the successor by merger to Mercantile, and has been the sole current Trustee of the 1967 Trust and the 1972 Trust since 2001.

2. All statutory references are to RSMo 2006, unless otherwise indicated.

on January 23, 2007, the circuit court entered its Judgment denying Appellant's Motion to Dismiss and granting Respondent's Motion for Summary Judgment. The court ordered the removal of Appellant as Trustee and appointed UST as successor Trustee of the Trust. This appeal follows.

## Points on Appeal

In its first point, Appellant asserts that the circuit court erred in denying its motion to dismiss because Respondent's failure to join all the remainder beneficiaries of the trusts as parties to his lawsuit deprived the court of subject matter jurisdiction in that all beneficiaries of a trust are necessary and indispensable parties to any action to remove a trustee as they claim an interest in the administration of the trust which would be affected by the court's decision.

In its second point, Appellant claims that the circuit court erred in granting summary judgment in favor of Respondent because Respondent failed to establish that removal was requested by all the qualified beneficiaries as required by Section 456.7–706.2(4) in that Respondent could not virtually represent Son and Daughter under Section 456.3–303(4) as Respondent's and Son and Daughter's interests were inherently in conflict as a matter of law.

In its third point, Appellant maintains that the circuit court erred in granting summary judgment in favor of Respondent because there are genuine issues of material fact as to whether the removal of Appellant would best serve the interests of all the Trust's beneficiaries and is not inconsistent with a material purpose of the Trust as is required by Section 456.7–706.2(4)(a) and (b), in that Appellant presented facts in opposition to Respondent's summary judgment motion which called

into question the validity of the reduced trustee fee which Respondent claimed would be achieved by Appellant's removal and replacement with UST and which also suggested that Respondent's choice of successor Trustee would not have the same fiduciary responsibility to the Trust beneficiaries for management of the Trust's investments as is imposed on Trustees under Missouri law, so that, at a minimum, Appellant was entitled to conduct discovery into these disputed factual matters before the circuit court could enter judgment as a matter of law.

## Standard of Review

Our review of the trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). The propriety of summary judgment is purely an issue of law. *Id.* We need not defer to the trial court's order, as its judgment is founded on the record submitted and the law. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be used by the trial court to determine the propriety of sustaining the motion initially. *Id.*

Summary judgment is proper only in those situations in which the movant can establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 74.04; *ITT*, 854 S.W.2d at 377. The movant has the burden to show a right to judgment flowing from facts about which there is no genuine dispute. *ITT*, 854 S.W.2d at 378. A court, in considering a motion for summary judgment, tests simply for the existence, not the extent, of these genuine disputes. *Id.* A genuine dispute exists where the record contains competent materials that evidences two

plausible, but contradictory, accounts of the essential facts. *Id.* at 382. If a trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, then summary judgment is not proper. *Id.* at 378.

In determining the propriety of summary judgment, we are guided by three overriding principles. First, we review the record in the light most favorable to the party against whom judgment was entered. *ITT*, 854 S.W.2d at 376. Any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing. *Id.* at 382. Second, the facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. The movant must establish that the material facts are not in genuine dispute. *Id.* at 382. If there is no contradiction and the movant has shown a right to judgment as a matter of law, the non-movant must create a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts. *Id.* It is not the "truth" of the facts upon which the court focuses, but whether those facts are disputed. *Id.* Where they are not, the facts are admitted for purposes of analyzing a summary judgment motion. *Id.* Finally, we accord the non-movant the benefit of all reasonable inferences from the record. *Id.* at 376.

### Discussion

In 2004, the General Assembly enacted Sections 456.1–101 to 456.11–1106, effective January 1, 2005. Section 456.7–706 provides for the removal of a trustee in pertinent part as follows:

1. The settlor, a cotrustee, or a qualified beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

2. The court may remove a trustee if:

   (1) the trustee has committed a serious breach of trust;

   (2) lack of cooperation among cotrustees substantially impairs the administration of the trust;

   (3) because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

   (4) the trustee has substantially and materially reduced the level of services provided to that trust and has failed to reinstate a substantially equivalent level of services within ninety days after receipt of notice by the settlor, a cotrustee, or a qualified beneficiary or removal is requested by all of the qualified beneficiaries and in either such case the party seeking removal establishes to the court that:

      (a) removal of the trustee best serves the interests of all of the beneficiaries;

      (b) removal of the trustee is not inconsistent with a material purpose of the trust; and

      (c) a suitable cotrustee or successor trustee is available and willing to serve.

Relevant to our discussion is Section 456.7–706.2(4), which provides for the removal of a trustee without any showing of wrongdoing by the trustee:

. . .

2. The court may remove a trustee if:

. . .

(4) ... a qualified beneficiary or removal is requested by all of the qualified beneficiaries and in either such case the party seeking removal establishes to the court that:

(a) removal of the trustee best serves the interests of all of the beneficiaries;

(b) removal of the trustee is not inconsistent with a material purpose of the trust; and

(c) a suitable cotrustee or successor trustee is available and willing to serve.

In the instant case, Respondent's petition and motion for summary judgment alleged that all four elements of Section 456.7–706.2(4) were satisfied: the "qualified beneficiaries" of the Trust, as defined by Section 456.1–103(20) are Respondent, Son and Daughter; UST is available and willing to serve as successor corporate Trustee; removal of Appellant as Trustee was not inconsistent with a material purpose of the Trust; UST will charge lower fees and allow an independent investment adviser which is in the best interests of the beneficiaries; Respondent is a resident of Pennsylvania, and lives within a thirty-minute drive to UST and the investment advisor; Appellant is located in Missouri; the proposed investment advisor has a complete understanding of Respondent and his family's unique personal financial situation and how the Trust co-ordinates with his family's financial objectives; and Appellant passes the Trust's capital gains through to the beneficiaries, thereby reducing Respondent's net income, which could be avoided by having the Trust pay the gains tax.

In its Memorandum in opposition to Respondent's Motion for Summary Judgment, Appellant maintained that a conflict of interest existed between Respondent and Son and Daughter relating to the proposed capital gains tax treatment, and

therefore, Respondent could not represent the interests of Son and Daughter pursuant to Section 456.3–303; Respondent had failed to name necessary and indispensable parties to the lawsuit; Respondent had failed to show removal of the Trustee would best serve the interests of the beneficiaries; removal of the Trustee would be inconsistent with a material purpose of the Trust; and Respondent's Motion for Summary Judgment was premature as discovery was needed.

We review these arguments *de novo*. *ITT*, 854 S.W.2d at 378

### Point I

■ In its first point, Appellant asserts that Respondent's failure to join all of the remainder beneficiaries of the Trust as parties to his lawsuit deprived the court of subject matter jurisdiction. This assertion is incorrect. Section 456.7–706.2(4) only requires that "qualified beneficiaries" be joined in an action to remove a trustee. Section 456.7–706.2(4) provides that "the court may remove a trustee if ... removal is requested by all of the qualified beneficiaries...." A qualified beneficiary:

... means a beneficiary who, on the date the beneficiary's qualification is determined:

(a) is a permissible distributee;

(b) would be a permissible distributee if the interests of the permissible distributees described in paragraph (a) of this subdivision terminated on that date; or

(c) would be a permissible distributee if the trust terminated on that date.

Section 456.1–103(20). Based on the language of this section, Respondent and Son and Daughter are the permissible distributees if Respondent's interest or the Trust terminated at the time of the filing of this suit. As such, Respondent and Son and Daughter are all of the qualified beneficiaries of the Trust. The remote remainder

beneficiaries of the Trust are not qualified beneficiaries. All of the qualified beneficiaries were before the Court and therefore, all of the necessary parties were before the court. The trial correct correctly denied Appellant's Motion to Dismiss.

### Point II

In its second point, Appellant alleges that Respondent could not virtually represent Son and Daughter under Section 456.3–303(4). We disagree.

■ Section 456.3–304(1) provides as follows:

Unless otherwise represented, a minor, incapacitated, or unborn individual, or a person whose identity or location is unknown and not reasonably ascertainable, may be represented by and bound by another having a substantially identical interest with respect to the particular question or dispute, but only to the extent there is no conflict of interest between the representative and the person represented with respect to a particular question or dispute.

In the instant case, Respondent and Son and Daughter have substantially identical interests which are not in conflict with regard to removing Appellant as Trustee and implementing UST as Trustee. UST is within a thirty-minute drive of Respondent and Son and Daughter's house; changing the domicile of the Trust to Delaware would avoid out of state income tax being paid on Trust income; UST has a complete understanding of Respondent and his family's unique personal financial situation; and UST will charge lower fees than Appellant.

With regard to Appellant's assertion that Respondent expressed a desire that the capital gains taxes on his income distributions be paid from the principal of the Trusts rather than by him, personally, UST testified by affidavit of its Senior Vice President and Trust Counsel Norris P. Wright (Wright), that it will treat the capital gains tax issue the same as Appellant, pursuant to applicable U.S. Treasury Regulations, providing that the recipient of trust income is charged with the tax consequences of that income, rather than the trust from which that income is generated. Therefore, there is no conflict of interest or issue of fact with regard to payment of capital gains taxes.

Appellant maintains that there is an inherent conflict of interest between income beneficiaries and residual beneficiaries. However, this assertion has no basis in Missouri law. Further, Section 456.3–303(4) requires any conflict of interest to be "with respect to a particular question or dispute." As such, the determination as to the existence of a conflict of interest is undertaken on a case by case basis. In this case, we have found none, and Appellant has not shown us otherwise.

Accordingly, we find that Respondent demonstrated that there is no conflict of interest between himself and Son and Daughter with regard to changing the Trustee, and thus he could virtually represent them in doing so. Appellant presented no facts putting this issue into dispute. As such, Point II is denied.

### Point III

In its third point, Appellant maintains that there remain issues of fact as to whether or not removing the Trustee is in the best interests of all of the beneficiaries. Appellant claims that it presented facts in opposition to Respondent's summary judgment motion which called into question the validity of the reduced trustee fee which Respondent claimed would be achieved by Appellant's removal and replacement with UST.

■ In conjunction with his motion for summary judgment, Respondent submitted the affidavit of investment advisor Daniel M. McDermott, President of

McDermott Advisory Group, LLC (McDermott). McDermott's affidavit includes the numbers he used to calculate all of Appellant's fees and the numbers used to calculate UST's fees and the investment management fees. His affidavit demonstrates how he calculated the annual savings of $10,259.55 by switching from Appellant to UST, resulting from a fee that is 23.94% lower than that being charged by Appellant, and the information on which such calculations were based. The documents reflecting the numbers he used in his calculation are attached to his affidavit. Wright testified by affidavit that he had reviewed McDermott's calculations and that McDermott's calculations accurately reflect the published fee schedule of UST and that the fees were properly applied in the calculation. Appellant did not dispute the numbers presented by McDermott, but rather merely criticized them as hearsay and speculative. However, Respondent presented documentary evidence in the form of published rates of the fees as currently charged. Under the statute, Respondent merely has to show that the change in Trustee somehow inured to his and the other beneficiaries' benefit.

Appellant also suggested that UST would not have the same fiduciary responsibility to the Trust beneficiaries for management of the Trust's investments as is imposed on trustees under Missouri law. Appellant maintains that UST would likely only be serving as trustee in an administrative capacity based on the lower fees it says it would charge. This argument is pure speculation. Appellant claims that the change in trustee is inconsistent with the material purpose of the Trust as the Trust clearly did not contemplate the change, but does contemplate keeping the same Trustee in the same state. Not only does this argument speculate as to what the Trust "contemplates" without any evidentiary support, but it is also irrelevant, because the statutory scheme provides for the change of Trustee as long as the terms of the Trust do not prohibit it, and the terms of the Trust in this case do not. See Section 456.7–706.2(4)(b).

As set forth in our discussion of Point II, Respondent presented factually supported reasons why it would be beneficial to him and Son and Daughter to remove the present Trustee in lieu of UST and Appellant does not put any of those reasons into dispute. Nor does Appellant present us with any additional fact issues. Therefore, there are no remaining disputed factual matters into which Appellant is entitled to conduct more discovery. Additionally, Appellant presents no evidentiary support for its argument that its removal as Trustee is inconsistent with a material purpose of the trust. As such, Point III is denied.

### Conclusion

The trial court's judgment is affirmed.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., concur.