No. 115,530

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Trust of CLARENCE HILDEBRANDT.

SYLLABUS BY THE COURT

1.

Standing is a component of subject matter jurisdiction and is subject to unlimited review. An appellate court has an independent duty to determine whether subject matter jurisdiction exists.

2.

An issue not briefed by the appellant is deemed waived or abandoned. However, appellate courts have an independent duty to determine whether subject matter jurisdiction exists.

3.

A successor trustee identified in the trust has standing to contest a proposed modification of a trust. See K.S.A. 2015 Supp. 58a-103(19).

4.

The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review.

5.

When interpreting a trust, the court's primary duty is to ascertain the settlor's intent by reading the trust in its entirety. If that intent can be ascertained from the express terms of the trust, the court must effectuate those terms unless they are contrary to law or public policy.

1

6.

Under the facts of this case, a trustee's motion to modify the successor trustees of a trust does not cause the no-contest provision of the trust to be activated unless the trust specifically forbids it.

Appeal from Marshall District Court; JOHN L. WEINGART, judge. Opinion filed January 13, 2017. Affirmed.

*Rachel B. Zenger* and *Jason E. Brinegar*, of Galloway, Wiegers & Brinegar, P.A., of Marysville, for appellant Jason E. Brinegar.

*John McNish* and *Kelly Navinsky Wenzl*, of Bolton & McNish LLC, of Marysville, for appellee Wayne Hildebrandt.

Before SCHROEDER, P.J., BUSER, J. and WALKER, S.J.

SCHROEDER, J.:  Galloway, Wiegers, & Brinegar, P.A. (Brinegar) appeals arguing its appointment as the successor trustee of Clarence Hildebrandt's trust (the Trust) cannot be modified and is a material purpose of the Trust. As the current trustee, Wayne Hildebrandt, Clarence's brother, responds Brinegar lacks standing, and his request to appoint a different successor trustee does not violate a material purpose of the Trust. We agree with Wayne in part and disagree in part. First, we find Brinegar has standing to challenge its replacement as the successor trustee of the Trust. Second, we agree with the district court that the agreed-upon change by all of the beneficiaries to appoint Ann Claeys as the successor trustee once Wayne no longer serves as the trustee of the Trust does not violate a material purpose of the Trust. Affirmed.

FACTS

The underlying facts are not in dispute. On February 6, 2002, Clarence executed the Trust. Wayne executed an identical trust. Clarence and Wayne were named as

cotrustees of the Trust. The Trust appointed Edward F. Wiegers, Clarence's attorney, as successor trustee, and "[i]f he is unable to serve then the two senior members of the firm Galloway, Wiegers, & Heeney, P.A., or its successor firm who are actively engaged in the practice of law at 1114 Broadway, Marysville, Kansas[,] are appointed to serve as Trustees."

If Wayne survived Clarence, all net income from the Trust was to be paid over to or used for Wayne's benefit during his lifetime. The Trust also granted Wayne a limited power of appointment. Following Wayne's death, unless Wayne exercised the power of appointment, the Trust was to be distributed among nine family members, including a brother, sister, and seven nieces and nephews, including Claeys. The Trust was created to provide for the continuation of the joint farming operation created by Clarence and Wayne and provided for specific distributions for each beneficiary.

On February 24, 2003, Clarence executed the First Amendment to the Trust. The amendment added a contest provision, which states:

> "(c) Contest Provision. If any beneficiary hereunder, or other person whether named herein or not, directly or indirectly, contests this trust or objects to any provision thereof, or interferes or attempt to interfere with the administration of the trust, then I revoke all trust provisions in favor of such beneficiary and such beneficiary shall take no part of portion of the trust assets, except for the sum of one dollar which shall be paid to him or her by the trustee."

Clarence died in September 2004. On June 10, 2015, Wayne filed a petition to appoint Claeys, their niece, as successor trustee to the Trust because Wiegers was deceased. Brinegar, the successor firm of Galloway, Wiegers, and Heeney, P.A., responded to Wayne's motion, arguing there was already a successor trustee. On July 2, 2015, Wayne filed consents by all beneficiaries of the Trust to appoint Claeys as successor trustee.

Wayne's motion to name Claeys as successor trustee was granted by the district magistrate judge. Brinegar appealed to the district court. The district court affirmed the district magistrate judge's judgment. Brinegar appeals.

ANALYSIS

*Brinegar Has Standing*

Wayne contends Brinegar, as the successor trustee, does not have standing to challenge the modification of the Trust. Standing is a component of subject matter jurisdiction and is subject to unlimited review. *Stechschulte v. Jennings*, 297 Kan. 2, 29, 298 P.3d 1083 (2013).

K.S.A. 58a-410(b) identifies who has standing to petition for approval or disapproval of a proposed modification or termination of a trust. It states, in relevant part: "A proceeding to approve or disapprove a proposed modification or termination under K.S.A. [2015 Supp.] 58a-411 through 58a-416, and amendments thereto, . . . *may be commenced by a trustee or qualified beneficiary*." (Emphasis added.) K.S.A. 2015 Supp. 58a-103(19) states: "'Trustee' includes an original, additional, and successor trustee, and a cotrustee."

Brinegar did not argue it had standing pursuant to K.S.A. 2015 Supp. 58a-103(19). Ordinarily, an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). However, appellate courts have "an independent duty to determine whether subject matter jurisdiction exists." *Stechschulte*, 297 Kan. at 29. As such, Brinegar's claim of standing must be examined.

4

Paragraph 2 of the Trust states, in relevant part:

"When neither of the original Trustees are serving, then our attorney Edward F. Wiegers is appointed to serve as Trustee. If he is unable to serve then the two senior members of the firm of Galloway, Wiegers & Heeney, P.A. or its successor firm, who are actively engaged in the practice of law at 1114 Broadway, Marysville, Kansas are appointed to serve as Trustees."

As the successor firm of Galloway, Wiegers & Heeney, P.A., Brinegar is the successor trustee of the Trust because Wiegers is deceased. Accordingly, Brinegar has standing to challenge the proposed modification to the Trust.

*Appointment of an independent, third-party trustee was not a material purpose of the Trust.*

Brinegar argues its appointment as successor trustee is a material purpose of the Trust. Wayne responds the appointment of a different successor trustee is not a material purpose of the Trust.

The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. *Hamel v. Hamel*, 296 Kan. 1060, 1068, 299 P.3d 278 (2013). The same rules that apply to the construction of wills apply to the construction of trusts and most other written instruments. See *In re Trust D of Darby*, 290 Kan. 785, 790, 234 P.3d 793 (2010). When interpreting a trust, the court's primary duty is to ascertain the settlor's intent by reading the trust in its entirety. If that intent can be ascertained from the express terms of the trust, the court must effectuate those terms unless they are contrary to law or public policy. *Hamel*, 296 Kan. at 1068.

Pursuant to K.S.A. 2015 Supp. 58a-411(b), "[a] noncharitable irrevocable trust may be modified upon consent of all of the qualified beneficiaries if the court concludes

5

that modification is not inconsistent with a material purpose of the trust." "Material purpose" is not defined in the Kansas Uniform Trust Act, K.S.A. 58a-101 *et seq*.

> "[A] proposed modification might change the trustee or create a simple, inexpensive procedure for appointing successor trustees, or it might create or change procedures for removing and replacing trustees. Modifications of these types may well improve the administration of a trust and be more efficient and more satisfactory to the beneficiaries without interfering with a material purpose of the trust. On the other hand, repeated modifications to change trustees or even a particular change of trustee, or an amendment of provisions relating to the trusteeship, might have the effect of materially undermining the contemplated qualities or independence of trustees. A given change might even have the effect of shifting effective control of the trust in such a way as to be inconsistent with a protective management purpose or other material purpose of the trust. Thus, changes of trustees or in trustee provisions are to be particularly but sympathetically scrutinized for possible conflict with a material trust purpose." Restatement (Third) of Trusts § 65, comment f, p. 481 (2003).

We have been unable to find any Kansas caselaw on point discussing whether a change in who the successor trustee will be constitutes a material purpose of a trust. In fact, Kansas has little caselaw determining whether a proposed modification conflicts with a material purpose of a trust. The most recent Kansas Supreme Court case discussing this issue was *In re Trust D of Darby*. In that case, a decedent's will created several trusts to benefit his daughters and his sister. Trust D benefitted his daughter, Marjorie Alford, who was to receive $12,000 per year from the trust's income and, if the income was insufficient, from the principal of Trust D. Following Alford's death, Trust D was to provide $4,000 per year to each of Alford's three daughters and, following their deaths, to the three daughters' issue. Just before the decedent died, he executed a codicil doubling the amount establishing Trust D and increased the annual distributions to $24,000 and $8,000 respectively.

More than 20 years later, Alford filed a petition to modify Trust D to pay her $40,000 per year because $24,000 per year was insufficient to meet her basic living expenses. All of the qualified beneficiaries consented to the proposed modification and the district court approved the modification. On appeal because the Internal Revenue Service was not bound by the modification unless it was approved by the Kansas Supreme Court, Alford argued the Trust was created to provide her with basic support. The *In re Trust D of Darby* court quoted Restatement (Third) of Trusts, stating:

> "'Material purposes are not readily to be inferred. A finding of such a purpose generally requires some showing of a particular concern or objective on the part of the settlor, such as concern with regard to a beneficiary's management skills, judgment, or level of maturity. Thus, a court may look for some circumstantial or other evidence indicating that the trust arrangement represented to the settlor more than a method of allocating the benefits of property among multiple intended beneficiaries, or a means of offering to the beneficiaries (but not imposing on them) a particular advantage.'" *In re Trust D of Darby,* 290 Kan. at 792 (quoting Restatement [Third] of Trusts § 65 comment d, p. 477 [2001]).

The *In re Trust D of Darby* court found there was no direct or circumstantial evidence offered to indicate an intent to support Alford's basic needs. It concluded "that the modification increasing the distribution to a first generation beneficiary (Alford) would be inconsistent with the obvious material purpose to preserve sufficient income and principal to fund the distributions to beneficiaries after Alford's death." 290 Kan. at 793.

Here, Brinegar argues there is "more than mere circumstantial evidence" a material purpose of the Trust was to ensure administration by an independent, third-party successor trustee. For support, Brinegar points to the "detailed provisions in the original instrument" and the contest provision, which it contends "was later added in order to protect the provisions of the trust and its administration as they had been written."

Brinegar concludes "Clarence Hildebrandt made it clear that all of the provisions of his trust were material, and expressly included interference with the trust administration as an action punishable by exclusion from benefit under the trust."

In contrast, Wayne contends the appointment of a specific successor trustee is not a material purpose of the Trust. Wayne cites to *Davis v. U.S. Bank Nat. Assoc.*, 243 S.W.3d 425 (Mo. App. 2007), to support his contention. In *Davis*, the Missouri Court of Appeals rejected an argument that a specific trustee was a material purpose of the trust because the terms of the trust did not prohibit it. 243 S.W.3d at 431. However, since the trust's language does not appear in the opinion, the Missouri court's reasoning has limited persuasive value.

Here, the paragraph appointing a successor trustee of the Trust states, in its entirety:

> "If at any time either trustee is physically or mentally incapable of performing the duties as Trustee the position shall be vacated. A written statement from two licensed physicians disclosing that in their opinion a trustee is mentally or physically incapable of performing the duties required under this agreement, shall have the same force and effect as a resignation. When neither of the original Trustees are serving, then our attorney Edward F. Wiegers is appointed to serve as Trustee. If he is unable to serve then the two senior members of the firm of Galloway, Wiegers & Heeney, P .A. or its successor firm, who are actively engaged in the practice of law at 1114 Broadway, Marysville, Kansas are appointed to serve as Trustees."

Nothing in the paragraph expressly indicates why Clarence chose Wiegers or his firm as the successor trustee. Nothing in the paragraph reflects Clarence required the successor trustee to be an independent third-party trustee. One might be able to interpret Clarence desired an independent third-party trustee by his appointment of Wiegers as successor trustee. But in his petition to the district court, Wayne indicated Wiegers

8

named himself successor trustee in Wayne's identical trust, and Wiegers, not Clarence, inserted Wiegers as the successor trustee in the Trust. The circumstantial evidence suggests an independent, third-party successor trustee was Wiegers' idea and not a material purpose of the Trust at the time it was drafted. However, in 2003, Clarence amended the Trust to include a no-contest provision, which states:

"If any beneficiary hereunder, or other person whether named herein or not, directly or indirectly, contests this trust or objects to any provision thereof, or interferes or attempt to interfere with the administration of the trust, then I revoke all trust provisions in favor of such beneficiary and such beneficiary shall take no part of portion of the trust assets, except for the sum of one dollar which shall be paid to him or her by the trustee."

The question, then, is whether the no-contest provision operates to make every provision of the Trust, including the successor trustee provision, a material purpose. We are not persuaded by this argument. No-contest provisions are to be strictly construed. See *Wright v. Cummings*, 108 Kan. 667, 196 P. 246 (1921) (interpreting the no-contest provision in a will). Here, the no-contest provision prohibits contesting, objecting, or interfering with the administration of the Trust. It does not specifically prohibit the trustee and the beneficiaries from asking the district court to change the successor trustee. Modifying the successor trustee does not violate a material purpose of the Trust. The no-contest provision to the Trust provides no clear indication Clarence intended a change in the successor trustee to be a violation of a material purpose of the Trust. The district court did not err when it approved a modification to the Trust, replacing the named successor trustee with Claeys.

Affirmed.

9