RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0643-MR

KEVIN A. MCKIM AND THERESA
SMITH                                                          APPELLANTS


                         APPEAL FROM JEFFERSON CIRCUIT COURT
v.                       HONORABLE JESSICA E. GREEN, JUDGE
                         ACTION NO. 21-CI-000103


MARY K. MCKIM; KAYLA M.
MCKIM; AND MADISON E. MCKIM                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; DIXON AND LAMBERT, JUDGES.

DIXON, JUDGE:  Kevin A. McKim and Theresa Smith appeal the order of the

Jefferson Circuit Court, entered May 26, 2021, dismissing the underlying action to

invalidate the modification of the Kevin A. McKim Gift Trust (hereinafter "Trust")

and for other related relief.  After careful review of the briefs, record, and law, we

affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Kevin and Mary K. McKim were married in 1992, and Kayla M. McKim and Madison E. McKim are their daughters. In 2005, Kevin established an irrevocable trust for the benefit of Mary, his children, and his future grandchildren. The original trust instrument names Mary as trustee and charges her with using income from Trust property to provide, as she deems advisable, for the beneficiaries' "support in their accustomed manners of living and for their maintenance, health[,] and education." Trust article 2.1(a). Presently, only Mary, Kayla, and Madison are beneficiaries to the Trust. Under articles 2.4 and 3.4 of the original trust instrument, the Trust terminates in favor of separate trusts for Kevin's children, with Theresa Smith as trustee, upon either the McKims' divorce or Mary's death. Kevin contends that, in effect, Mary would be removed as both trustee and beneficiary.

In December 2018, Kevin filed for divorce; that case is still pending. On July 16, 2020, Mary executed a trust decanting modification agreement pursuant to KRS[1] 386.175. The modified agreement removed the provisions that would terminate the Trust upon the McKims' divorce – permitting Mary to retain her status as both trustee and beneficiary – and removed and replaced Theresa as a named successor trustee.

_____
[1] Kentucky Revised Statutes.

On January 7, 2021, Kevin filed the underlying complaint, which was amended on February 15, 2021, to include Theresa as a plaintiff. Therein, Kevin: (1) sought a declaration that the modification agreement is invalid and the terms of the original trust instrument remain in effect, (2) asserted Mary breached her fiduciary duties, resulting in damage to Appellants, the Trust, and its beneficiaries, and (3) alleged various violations of Kentucky trust statutes. Pursuant to CR[2] 12.02(f), Mary moved to dismiss, arguing: (1) Appellants lacked standing; (2) the claims should have been raised in district, not circuit, court;[3] and (3) Kevin's claims are barred by equitable estoppel. After briefing and oral arguments, the court granted the motion on all grounds, and this appeal followed.

**STANDARD OF REVIEW**

CR 12.02(f) authorizes judgment in favor of a defendant for a plaintiff's "failure to state a claim upon which relief can be granted[.]" When considering a motion to dismiss, the court should view the pleadings "in a light most favorable to the plaintiff and accept all allegations in the complaint as true." *Cotton v. Nat'l Collegiate Athletic Ass'n*, 587 S.W.3d 356, 361 (Ky. App. 2019) (quoting *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App.

---

[2] Kentucky Rules of Civil Procedure.

[3] Appellants concede that the removal of a trustee is the sole provenance of the district court, but they nonetheless contend this isolated error did not preclude the circuit court from acquiring subject matter jurisdiction over their remaining claims.

2007)).  "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Id.* (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)).

## LEGAL ANALYSIS

Appellants first challenge the court's determination that they do not have standing.  Pursuant to § 112(5) of the Kentucky Constitution, which limits the court's jurisdiction to "justiciable causes," a plaintiff must have constitutional standing to initiate a lawsuit in the Commonwealth.  *Commonwealth, Cabinet for Health and Family Servs., Dep't for Medicaid Servs. v. Sexton, ex rel. Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 196 (Ky. 2018).  To satisfy this requirement, the plaintiff must demonstrate an injury, caused by the defendant, that is capable of being redressed by the court.  *Id.*  Moreover, the injury must be concrete and particularized, as well as actual or imminent.  *Id.* (citing *Massachusetts v. E.P.A.*, 549 U.S. 497, 517, 12 S. Ct. 1438, 167 L. Ed. 2d 248 (2007)).  With these principles in mind, we will address Appellants' arguments, in turn.

Kevin's claimed injury is that, by permitting Mary to remain as trustee even upon their divorce, the modification agreement exposes him to a perpetual tax

burden[4] that the initial trust instrument was explicitly designed to avoid. In support, Kevin cites *City of Louisville v. Stock Yards Bank & Trust Co.*, 843 S.W.2d 327 (Ky. 1992), wherein the Court held that increased economic outlays resulting from the trustees' alleged mismanagement of funds was a sufficiently cognizable injury to support standing for the grantor, even though the trustees had exclusive title to the trust assets by statute. Reasoning that Kevin's continuing duty to pay taxes was distinguishable from the future duty imposed in *City of Louisville*, the court rejected Kevin's contention. As we agree Kevin does not have a requisite injury to support standing, we affirm, albeit on different grounds. *See Fischer v. Fischer,* 348 S.W.3d 582, 591-92 (Ky. 2011) (citing *Kentucky Farm Bureau Mut. Ins. Co. v. Shelter Mut. Ins. Co.*, 326 S.W.3d 803, 812 n.3 (Ky. 2010) wherein the court held that we are permitted to affirm on any grounds supported by the record).

Accepting arguendo that an increased tax burden is a sufficiently particularized injury, the harm must also be actual or imminent. Here, Kevin admits the triggering event – the dissolution of the parties' marriage – has yet to occur, and it is not claimed that Kevin has incurred any undue taxation. Accordingly, we must determine whether this unrealized injury is sufficiently

---

[4] Specifically, Kevin states that, by virtue of sections 672(e) and 674 of the Internal Revenue Code, he is required to pay income taxes incurred by the Trust so long as Mary remains trustee.

imminent to confer standing. Relying on the Court's interpretation of the term in *Overstreet v. Mayberry*, 603 S.W.3d 244, 252 (Ky. 2020), Kevin maintains his injury qualifies as such given that the dissolution is reaching its conclusion and the modification agreement has already removed the tax saving measures.

In *Overstreet* the Court explained:

> For an injury to be concrete, it must actually exist. And while an injury may be threatened or imminent, the concept of imminence cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for [constitutional standing] purposes – that the injury is *certainly impending*. Thus, the United States Supreme Court has repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact and that allegations of *possible* future injury are not sufficient.

*Id*. (internal quotation marks and citations omitted) (emphasis in original).

Though Kevin insists a decree dissolving his marriage – thereby causing his injury – is imminent, the fact that two years have elapsed since the underlying petition was filed, and the dissolution action is unresolved with no date certain to conclude, plainly stretches the definition of word. Furthermore, it is conceivable that a decree will not be entered for a myriad of reasons; or that, prior thereto, the trust agreement will be further modified to prevent the feared tax liability, as Mary purports to have done during the pendency of this appeal; or the remaining triggering event may occur nullifying the entire conflict. Hence, we

-6-

conclude Kevin has failed to demonstrate that the injury is certainly impending; thus, the court's determination that he lacked standing is not erroneous.

As for Theresa, her claim to standing arises from her status as a named successor trustee in the original trust instrument and the plain language of the Uniform Trust Code ("UTC"), codified at KRS 386B.1-010 - 386B.11-050. Specifically, KRS 386B.4-100(2) provides that "[a] proceeding to approve or disapprove a proposed modification or termination under [various provisions of the code] may be commenced by a trustee[.]" "Trustee" is defined by the UTC as including "an original, additional, and successor trustee, and a cotrustee." KRS 386B.1-010(21). Additionally, a "court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." KRS 386B.2-010(1).

Mary disagrees, arguing that any standing Theresa – as a mere contingent successor trustee – may have held was lost when she was duly replaced prior to the occurrence of the condition for her appointment. Furthermore, Mary asserts that Theresa's reliance on the UTC is misplaced as no authority supports her interpretation, and the modification was made pursuant to the decanting statute, KRS 386.175, which is not a part of the UTC.

The UTC was enacted in 2014, and there is little by way of judicial guidance. We acknowledge that Theresa's argument has some appeal under a

plain reading of the text. However, the law is clear that statutory standing is not a substitute for constitutional standing (*see Sexton*, 566 S.W.3d at 191), and because we conclude that Theresa has failed to demonstrate the latter, we must affirm.

Here, accepting arguendo that Theresa's removal as a future trustee is a concrete injury, the harm is neither actual nor imminent. Per sections 3.3 and 3.4 of the original trust instrument, Theresa would be appointed trustee if: (1) any trustee ceases to act during Mary's lifetime and Mary does not appoint another, (2) the children are under 35 years of age and the McKims have divorced, or (3) the children are under 35 years of age and Mary is deceased. Though Theresa asserted in her petition that she "should be serving as trustee at this time or in the immediate future," it is undisputed that none of the prerequisites for her appointment occurred either at the time of filing or in the intervening two years since. For the reasons addressed above, we conclude there is an insufficient basis to accept that one of the conditions is certainly impending. Consequently, we agree with the trial court that Theresa has also failed to establish her standing to bring the underlying action.

Our conclusion is not undermined by Theresa's citation to *Matter of Trust of Hildebrandt*, 388 P.3d 918 (Kan. Ct. App. 2017), and *Megiel-Rollo v. Regiel*, 162 So.3d 1088 (Fla. Dist. Ct. App. 2015). While Theresa asserts that these courts, under identical provisions of the UTC, held that successor trustees

had standing to challenge a trust modification and to seek reformation of a trust, these cases are not binding on this Court and, more importantly, they are distinguishable. In *Hildebrandt*, the party at issue had a present claim of entitlement to appointment as trustee, the condition necessary therefor having already occurred, and the litigation was to settle who the proper trustee was. In *Regiel*, the appealing party was the current trustee. As stated above, Theresa has neither a claim for appointment nor is she the present trustee.

We are, likewise, unpersuaded by Theresa's general assertion that "courts routinely recognize the standing of parties with contingent interest in a trust to challenge the trust's administration" as a basis to find standing in this matter. Though Theresa refers us to *Betty G. Weldon Revocable Trust ex rel. Vivion v. Weldon ex rel. Weldon*, 231 S.W.3d 158 (Mo. Ct. App. 2007), in support of her position, this reliance is misplaced. At issue in *Weldon* was the standing of residuary beneficiaries, and the court therein affirmatively concluded that the appealed judgment affected the litigants' personal interest in the corpus of the trust. Conversely, as a mere future trustee, Theresa does not have a comparable interest.

As we have upheld the court's determinations that Appellants lack standing, we need not reach the merits of their remaining claims on appeal.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Clark C. Johnson
Burt A. Stinson
Louisville, Kentucky

BRIEF FOR APPELLEES:

Daniel M. Oyler
Edward H. Bartenstein
Louisville, Kentucky